**ANYANWU & ASSOCIATES, LLC**
The Academy Building
17 Academy Street, Suite 305
Newark, NJ 07102
(973) 624-1504
(973) 624-1506 (facsimile)
Attorneys for the Plaintiffs

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANTHONY SPIKES, HOWARD YUNG, JERRY SAGER, and KEVIN MCMURTRY | Civil Action No.: |
| Plaintiffs, | |
| v. | **COMPLAINT** |
| HAMILTON FARM GOLF CLUB, LLC, d/b/a HAMILTON FARM GOLF CLUB and HF BUSINESS TRUST | |
| Defendants. | |

Plaintiffs, Anthony Spikes, Howard Yung, Jerry Sager and Kevin McMurtry (hereinafter collectively referred to as "Plaintiffs"), by way of Complaint against the Defendants, hereby alleges:

**THE NATURE OF THIS DISPUTE**

1.      Plaintiffs are all former members of Defendant golf club, Hamilton Farm Golf Club, LLC (hereinafter HFGC"). At all relevant times, the facts herein touch and concern the State of New Jersey and its laws and statutes. The State of New Jersey staunchly maintains that "no contract can be sustained if it is inconsistent with the public interest or detrimental to the public good." See Gamble v. Connolly, 943 A.2d 202 (Law Div. 2007)(citing Driscoll v. Burlington-Bristol Bridge Co., 10 N.J. Super. 545, 575, 77 A.2d 255 (Ch.Div.1950), modified, 8 N.J. 433, 86 A.2d 201, cert. denied, 344 U.S. 838, 73 S. Ct. 25, 97 L.Ed. 652 (1952)).

As is set forth below, HFGC induced Plaintiffs to enter into a contract for membership in HFGC whereby payment for said membership was refundable upon a member's resignation and limited to only two classes of memberships.  Nevertheless, HFGC rendered the contract arguably illusory, by creating a third class with identical rights for a lesser cost than that of Plaintiffs' membership, and providing its affiliate, Defendant HF Business Trust, a lien against its assets.  A rose by any other name is still a rose.  Defendants want Plaintiffs to believe that it can offer products bearing a distinctive name and substance, create the same products using different names but the same substance, and avoid refunding Plaintiffs.  New Jersey and Federal laws specifically prohibits Defendants' acts.

## THE MEMBERSHIPS

| *PLAINTIFFS' MEMBERSHIP* | *NEW GOLF MEMBERSHIPS* |
|---|---|
| Use of all golf and social facilities | Use of all golf and social facilities |
| Not required to pay green fees for use of the golf course | Not required to pay green fees for use of the golf course |
| Required to pay cart and caddie fees | Required to pay cart and caddie fees |
| Required to pay applicable charges for use of the Hamilton House and Golf Clubhouse | Required to pay applicable charges for use of the Hamilton House and Golf Clubhouse |
| Guests and family members may have access to the club's golf and social facilities, while accompanied by an Individual Golf Club member | Guests and family members may have access to the club's golf and social facilities, while accompanied by an Individual Golf Club member |
| Spouse has full unaccompanied social privileges with payment of annual social dues. | Spouse has full unaccompanied social privileges with payment of annual social dues. |

## THE PARTIES

2. Plaintiff Anthony Spikes is a resident of New Jersey, residing at 20 River Court, Jersey City, New Jersey 07310. Spikes resigned in 2009 and has been inactive since.

3. Plaintiff Howard Yung is a resident of the State of New Jersey, residing at 31 Martindale Road, Short Hills, New Jersey 07078.  Yung resigned in 2011 and has been inactive since.

4. Plaintiff Jerry Sager is a resident of the State of Florida, residing at 8471 Egret Lakes Lane, West Palm Beach, Florida, 334124. Sager resigned in 2010, and has been inactive since.

5. Plaintiff Kevin McMurtry is a resident of the State of South Carolina, residing at 370 Ralston Creek Street, Daniel Island, South Carolina, 29492.  McMurthry informed Defendant, on December 30, 2011, of his resignation and has been inactive since.

6. Defendant Hamilton Farm Golf Club, LLC is a Delaware Limited Liability Company doing business in the State of New Jersey as "Hamilton Farm Golf Club" with its principal place of business at 1040 Pottersville Road, in Gladstone New Jersey.

7. Defendant HF Business Trust is an unincorporated business trust in the State of Maryland, with a principal place of business at 11311 McCormick Road, Suite 470, Hunt Valley, Maryland.

## JURISDICTION AND VENUE

8. Plaintiffs are citizens of New Jersey, South Carolina and Florida.

9. Upon information and belief, Defendants are both citizens of the State of Maryland.

10. The amount in controversy in this matter exceeds $75,000.00, exclusive of interests and costs.

11. Pursuant to 28 U.S.C. §1332, diversity of citizenship jurisdiction is present.

12. Pursuant to 28 U.S.C. §§ 139 (b) (2), venue is proper before the Federal District Court of New Jersey because a substantial part of the events and/or omissions occurred in the district.

### FACTS COMMON TO ALL COUNTS

13. Defendant HFGC operated an exclusive invitation only golf club wherein the rights and privileges afforded to members were detailed in a seventeen page "Membership Plan" attached herein as **Exhibit A**.

14. As part of its recruitment efforts, HFGC created a Frequently Asked Questions pamphlet (hereinafter "FAQs pamphlet") attached herein as **Exhibit B**.

15. In the FAQs pamphlet the following questions were posed and answered:

> Q.   What is the Membership Opportunity at the Club?"
>
> A.   Hamilton Farm Golf Club is a private club located in Somerset County, New Jersey, featuring outstanding golf and social facilities including exceptional golf courses designed by Michael Hurzdan and Dana Fry.  **The Club is offering a limited number of Individual and Family Golf Memberships**.  The Club anticipates offering Cottage Memberships in the future. (emphasis Added)

16. The FAQs pamphlet section also provided that:

> REFUNDABLE MEMBERSHIP DEPOSIT.  The membership deposit paid for a membership is refundable upon resignation and reissuance of the membership, or in 30 years from admission to the Club, whichever is the sooner to occur, as provided in the Membership Plan.
>
> RESIGNED MEMBERSHIPS REISSUED PRIOR TO MEMBERSHIP SELL-OUT.  Resigned members do not

     have to wait until all new memberships in the Club have
     been issued before their resigned membership is reissued.
     NO ASSESSMENTS

17. With regards to when membership fees deposited will be returned, the FAQs pamphlet, provides:

  Q: WHEN WILL THE MEMBERSHIP DEPOSIT BE REPAID TO THE MEMBER?

  A: Each person who acquires a membership will be entitled to a refund of membership deposit paid for the membership, without interest, 30 years after the date the membership is issued by the Club.

   If the member resigns before the end of the 30-year period, the membership deposit paid by the member or the amount of the Membership deposit then charged by the Club for the membership, whichever is lesser, will be refunded, without interest, within 30 days after the issuance of the membership by the Club to a new member. At the end of 30 years, a resigned member will be repaid the difference, if any, between the amount of the original membership and reissuance of the membership.

   In the event a Family Golf Member's resigned membership is next on the waiting list to be reissued and a prospective member desires an Individual Golf membership, the Family Golf Member has the option to (i) retain his or her position at the top of the waiting list until a Family Membership is desired by a prospective member, or (ii) receive the amount of the membership deposit paid by the new member to acquire an Individual Golf Membership, less any amounts owed to the Golf Club, in complete satisfaction of the Club's obligation to

>repay the resigned member's membership deposit.  In the latter case, the difference between the membership deposit paid by the new member and the amount refunded to the resigning Family Golf Member will be retained by the Club.  In the case where an Individual Golf Member is at the top of the resale wait list and a prospective member desires a Family Golf Membership, the Club will issue a Family Golf Membership in place of the resigned membership, provided the Club is then issuing new Family Golf Memberships.

18. From the foregoing, the Plaintiffs were induced to believe that HFGC would only have two classes of membership, "Individual and Family Golf memberships."

19. In HFGC's Membership Plan it was conspicuously stated that "If the member resigns before the end of the 30 year-period, the membership deposit paid by the member or the amount of the membership deposit then charged by the Club for the membership, whichever is less, will be refunded, without interest, within 30 days after the issuance of the membership by the Club to a new member."

20. Relying on HFGC's representations, Plaintiffs paid membership fees in the amounts of $160,000.00, $200,500.00, $202,500.00 and $212,000.00 to HFGC. Attached as **Exhibit C is the executed membership agreement of Plaintiff Jerry Sager, which is identical to that of all Plaintiffs.**

21. In clear contravention of its representations by way of the Membership Plan, FAQ pamphlet and membership Agreement contract, Defendants have refused to repay monies due and owing to Plaintiffs.

22. Defendants have breached their agreement with Plaintiffs and now argue that a *post hoc* illusory interpretation of said agreement should prevail; to wit, that Defendants should be allowed to create new classes of memberships, with the same exact benefits as the original membership classes, and avoid its obligation to repay resigned members.

23.     Upon information and belief, Defendants have entered into agreements with other resigned members to selectively provide refunds prior to refunds to other resigning members.

24.     Upon Information and belief, Defendant HF Business Trust is an affiliate of Defendant HFGC under common ownership and control

25.     Plaintiffs have reason to believe that in 2008 HFGC entered into a mortgage agreement with Defendant HF Business Trust wherein HFGC granted HF Business Trust a security interest in all of its assets.

26.     Upon Information and belief, the aforesaid transfer was a fraudulent conveyance pursuant to N.J.S.A. 25:2-25(a) in that same "…was made with the actual intent to hinder, delay or defraud any creditor or debtor."

27.     As a result of the actions of Defendants aforementioned, Plaintiffs have suffered damages.

## FIRST COUNT (FRAUDULENT INDUCEMENT)

28.     The Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 27 as if set forth at length and incorporated herein.

29.     Defendants at all times represented to Plaintiffs that if they purchased a membership, their membership fee will be refunded after resignation.

30.     The Defendants' only restraint with respect to the refund was the occurrence of two events: the purchase of a membership by a new member , or 30 years form the date of resignation .

31.     Although the Defendants were entitled to create new membership classes, same was not created, rather the same exact class, with the same exact benefits, were created for lesser cost than that of Plaintiffs' memberships.

32. Defendants, at all times, knew that they were not going to refund Plaintiffs their membership fees, and only made the representation regarding refundable memberships to induce Plaintiffs to acquire membership.

33. Plaintiffs relied on Defendants representation to their detriment.

WHEREFORE, the Plaintiff demands judgment against the Defendant as follows:

a. Compensatory damages;
b. Attorneys' fees;
c. Lawful interest;
d. Costs of suit; and
e. For such other relief as the Court may deem equitable and just.

## SECOND COUNT (BREACH OF CONTRACT)

34. The Plaintiffs repeat and reallege the allegations contained in the First Count as if set forth at length and incorporated herein.

35. Plaintiffs entered in to an express contract with Defendants that provided for the return of their Membership fees upon resignation, from fees received from new incoming members.

36. The creation of a different name for the same membership with the same benefits by the Defendants did not create a new class, and as such the refusal to provide Plaintiffs with a refund is a breach of contract.

37. As a result of Defendants' actions Plaintiffs have suffered harm.

WHEREFORE, the Plaintiff demands judgment against the Defendant as follows:

a. Compensatory damages;
b. Attorneys' fees;
c. Lawful interest;
d. Costs of suit; and
e. For such other relief as the Court may deem equitable and just.

### THIRD COUNT (BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING)

38. The Plaintiffs repeat and reallege the allegations contained in the First through Second Counts as if set forth at length and incorporated herein.

39. The foregoing conduct of the Defendant constitutes breach of the implied covenant of good faith and fair dealing inherent in every contract entered into in the State of New Jersey.

WHEREFORE, the Plaintiff demands judgment against the Defendant as follows:

a. Compensatory damages;
b. Attorneys' fees;
c. Lawful interest;
d. Costs of suit; and
e. For such other relief as the Court may deem equitable and just.

### FOURTH COUNT (FRAUDULENT CONVEYANCE)

40. The Plaintiffs repeats and reallege the allegations contained in the First through Third Counts as if set forth at length and incorporated herein.

41. The foregoing conduct of the Defendant constitutes an actionable fraudulent conveyance, in contravention of N.J.S.A. 2:25-27.

WHEREFORE, the Plaintiff demands judgment against the Defendant as follows:

a. Compensatory damages;
b. Attorneys' fees;
c. Lawful interest;
d. Costs of suit; and
e. For such other relief as the Court may deem equitable and just.

### FIFTH COUNT (NEGLIGENCE *PER SE*)

42. The Plaintiffs repeat and reallege the allegations contained in the First through Fourth Counts as if set forth at length and incorporated herein.

43. The Defendant operated in New Jersey and as such was subject to adherence to the statutory prohibitions against fraudulent conveyances and by violating the State's common law standard of care to creditors pursuant to N.J.S.A. 2:25-27, Defendants' conduct constitutes negligence *per se*.

WHEREFORE, the Plaintiff demands judgment against the Defendant as follows:

    a. Compensatory damages;
    b. Attorneys' fees;
    c. Lawful interest;
    d. Costs of suit; and
    e. For such other relief as the Court may deem equitable and just.

## SIXTH COUNT (UNJUST ENRICHMENT)

44. The Plaintiffs repeat and reallege the allegations contained in the First through Fifth Counts as if set forth at length and incorporated herein.

45. By virtue of the Defendant's actions, it has been unjustly enriched to the detriment of the Plaintiff.

WHEREFORE, the Plaintiff demands judgment against the Defendant as follows:

    a. Compensatory damages;
    b. Attorneys' fees;
    c. Lawful interest;
    d. Costs of suit; and
    e. For such other relief as the Court may deem equitable and just.

## SEVENTH COUNT (VIOLATION OF PUBLIC POLICY)

46. The Plaintiffs repeat and reallege the allegations contained in the First through Sixth Counts as if set forth at length and incorporated herein.

47. Defendants' operation in the State of New Jersey availed it to be subject to the State's prohibition against contracts against public policy.

48. Defendants were aware that Courts in New Jersey have refused to enforce contracts that violate the public policy of the State. Houston Petroleum Co. v. Automotive Prods. Credit Ass'n., 9 *N.J.* 122, 130, 87 *A.*2d 319 (1952). No contract can be sustained if it is inconsistent with the public interest or detrimental to the public good. Driscoll v. Burlington-Bristol Bridge Co., 10 N.J. Super. 545, 575, 77 *A.*2d 255 (Ch.Div.1950), modified, 8 *N.J.* 433, 86 *A.*2d 201, cert. denied, 344 *U.S.* 838, 73 *S.Ct.* 25, 97 *L.Ed.* 652 (1952).

49. By virtue of creating an instrument by which one that is promised repayment may never be repaid, the Defendant's actions run afoul of New Jersey and Federals prohibitions against contracts that violate public policy.

## JURY DEMAND

Plaintiffs demand trial by jury of all issues noticed herein.

                                              Respectfully submitted,

                                **ANYANWU & ASSOCIATES, LLC**

                                     By_____/s/_____
                                          Evans C. Anyanwu
                                      COUNSEL FOR PLAINTIFFS

Dated: June 10, 2013