NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

Anthony Spikes, et al.,

Plaintiffs,

v.

Hamilton Farm Golf Club, LLC, et al.,

Defendants.

Civ. No. 13-3669

OPINION

THOMPSON, U.S.D.J.

This matter appears before the Court on a motion to dismiss brought by Defendants Hamilton Farm Golf Club, LLC ("HFGC"), Hamilton Farm Golf Club ("the Club"), and HF Business Trust (collectively, "Defendants"). The Court has issued the Opinion below based upon the written submissions of the parties and oral arguments held on January 6, 2013. For the reasons stated herein, the Court grants the motion to dismiss in part and denies in part.

## BACKGROUND

This case arises out of Defendants' refusal to refund deposits paid by Plaintiff Anthony Spikes and others ("Plaintiffs") as part of a golf club membership program.[1] Plaintiffs each paid a deposit ranging from $160,000 to $212,000 to obtain an Individual Golf Membership or the upgraded Family Golf Membership. (Doc. No. 1). The Membership Agreements contained a "Refund of Membership Deposit," stating "[i]f the member resigns before the end of the 30-year period, the membership deposit paid by the member or the amount of the membership then

---

[1] Several cases have been brought concerning the same general subject matter and defendants in New Jersey courts. *See Meiselman v. Hamilton Farm Golf Club LLC*, CIV. 11-0653 AET, 2011 WL 3859846 (D.N.J. Sept. 1, 2011); *Bava v. Hamilton Farm Golf Club, et al.*, Civ. No. 08-5473 (D.N.J. 2009); *Matina v. Hamilton Farm Golf Club, et al.*, Civ. No. 08-5725 (D.N.J. 2009); *McCarthy v. Hamilton Farm Golf Club*, Doc. No. SOM-L-267-11 (2013).

1

charged for membership, whichever is the less, will be refunded, [. . .] after the issuance of the membership by the Club to a new member." (Doc. No. 1). Under the Membership Agreement, the "Club also reserve[d] the right to modify this Membership Plan [. . .] and to add, issue or modify any type or category of membership." (Doc. No. 1).

Plaintiffs contend that Defendants created another type of membership that offered identical rights at a lower cost for the sole purpose of avoiding repayment of the deposits owed to Plaintiffs. (Doc. No. 1). Plaintiffs further allege that HFGC attempted to keep HFGC's assets away from Plaintiffs by entering into an agreement, wherein HFGC granted HF Business Trust a security interest in all of its assets. (Doc. No. 1).

Plaintiffs brought a seven-count complaint in June of 2013. However, counsel for Plaintiffs withdrew several counts during oral arguments.[2] The remaining claims are as follows: Breach of Contract; Breach of the Covenant of Good Faith and Fair Dealing; and Fraudulent Conveyance under the Uniform Fraudulent Transfer Act.

## DISCUSSION

*1. Legal Standard*

A motion under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint. *Kost v. Kozakiewicz*, 1 F. 3d 176, 183 (3d Cir. 1993). The defendant bears the burden of showing that no claim has been presented. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). When considering a Rule 12(b)(6) motion, a district court should conduct a three-part analysis. *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'take note of the elements a plaintiff must plead to state a claim.'" *Id*. (quoting *Ashcroft v. Iqbal*, 56 U.S. 662, 675 (2009)). Second, the court must accept as true all of a plaintiff's well-

---

[2] Plaintiffs withdrew the following claims: Fraudulent Inducement, Negligence Per Se, Unjust Enrichment, and Violation of Public Policy.

2

pleaded factual allegations and construe the complaint in the light most favorable to the plaintiff. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). The court may disregard any conclusory legal allegations. *Id*. Finally, the court must determine whether the "facts are sufficient to show that plaintiff has a 'plausible claim for relief.'" *Id*. at 211 (quoting *Iqbal*, 556 U.S. at 679). Such a claim requires more than a mere allegation of an entitlement to relief or demonstration of the "mere possibility of misconduct;" the facts must allow a court reasonably to infer "that the defendant is liable for the misconduct alleged." *Id*. at 210, 211 (quoting *Iqbal*, 556 U.S. 678-79).

   2. *Analysis*

This Court must examine three claims: Breach of Contract; Breach of the Covenant of Good Faith and Fair Dealing; and Fraudulent Conveyance.

   a. **Breach of Contract**

"To establish a breach of contract claim, a plaintiff has the burden to show that the parties entered into a valid contract, that the defendant failed to perform his obligations under the contract and that the plaintiff sustained damages as a result." *Peck v. Donovan*, 12-1213, 2012 WL 6131055 (3d Cir. Dec. 11, 2012) (citations omitted); *see also Frederico v. Home Depot*, 507 F.3d 188, 203 (3d Cir. 2007).

Here, each member is contractually entitled to refunds upon either the completion of the 30-year period or the issuance of that member's membership to a third party. Plaintiffs have not alleged that either event has occurred. Instead, Plaintiffs allege that Defendants breached the Membership Agreement through the creation of the new membership plans. However, under the Membership Agreement, "[t]he Club reserves the right to [. . .] add, issue or modify any type or category of membership." (Doc. No. 1). Since Defendants were "contractually entitled to engage in the alleged conduct," Plaintiffs cannot obtain relief under a breach of contract claim.

3

*See Meiselman v. Hamilton Farm Golf Club LLC*, CIV. 11-0653 AET, 2011 WL 3859846 (D.N.J. Sept. 1, 2011).

### b. Good Faith and Fair Dealing

Under New Jersey law, "[e]very party to a contract . . . is bound by a duty of good faith and fair dealing in both the performance and enforcement of the contract." *Elliot & Frantz, Inc. v. Ingersoll-Rand Co.*, 457 F.3d 312, 328 (3d Cir. 2006). A party "breaches the duty of good faith and fair dealing if that party exercises its discretionary authority arbitrarily, unreasonably, or capriciously, with the objective of preventing the other party from receiving its reasonably expected fruits under the contract." *Wilson v. Amerada Hess Corp.*, 773 A.2d 1121, 1130 (N.J. 2001). "Such risks clearly would be beyond the expectations of the parties at the formation of a contract when parties reasonably intend their business relationships to be mutually beneficial." *Id*. "Bad motive or intention is essential" to a court's consideration of this claim. *Id*.

Here, Plaintiffs allege that Defendants created new memberships with substantially the same rights and privileges for the sole purpose of avoiding the continuing obligation to refund Plaintiffs' original deposits. While the Club was contractually authorized to add new membership categories, the creation of new memberships that are nearly identical to the original memberships in all respects is "unsettling, particularly in light of the various inducements in the Plan suggesting that resigned memberships would be reissued as new members joined." *See Meiselman v. Hamilton Farm Golf Club LLC*, CIV. 11-0653 AET, 2011 WL 3859846 (D.N.J. Sept. 1, 2011).[3] Viewing the facts in the light most favorable to Plaintiffs, the Court finds that Plaintiffs have sufficiently alleged this count.

---

[3] Though this Court granted the motion to dismiss in *Bava* and *Matina*, which presented comparable facts, the Complaint in the present case more closely resembles the Complaint in *Meiselman*.

### c. Fraudulent Conveyance

Plaintiffs bring Fraudulent Conveyance claims under § 25:2-25 and § 25:2-27 of the Uniform Fraudulent Transfer Act ("UFTA"). The Court will first examine the issues related to § 25:2-25 before turning to § 25:2-27.

### i. N.J.S.A. § 25:2-25

Plaintiffs claim that HFGC transferred property to HF Business Trust in 2008 "with the actual intent to hinder, delay or defraud any creditor or debtor." (Doc. No. 1). Courts engage in a two-step analysis to determine whether a defendant is liable for actual fraud. *United Ass'n v. Schmidt*, CIV.A. 10-1815 RBK, 2011 WL 766057, at *7 (D.N.J. Feb. 24, 2011). First, the court must determine "whether the debtor has put some asset beyond the reach of creditors which would have been available to them at some time but for the conveyance." *Id.* (citations omitted). Second, the court must determine "whether the debtor transferred property with the intent to defraud, delay, or hinder the creditor." *Id.* "The party seeking to invalidate the transfer has the burden of proving actual intent." *Id.*

"In determining actual intent to defraud, courts should balance the factors enumerated in N.J.S.A. § 25:2–26, as well as any other factors relevant to the transaction." *Gilchinsky v. Nat'l Westminster Bank N.J.*, 159 N.J. 463, 489 (1999). The N.J.S.A. § 25:2–26 factors include:

a) the transfer or obligation was to an insider;

b) the debtor retained possession or control of the property transferred after the transfer;

c) the transfer or obligation was disclosed or concealed;

d) before the transfer was made or obligation was incurred, the debtor had been sued or threatened with suit;

e) the transfer was of substantially all the debtor's assets;

f) the debtor absconded;

g) the debtor removed or concealed assets;

h) the value of the consideration received by the debtor was not reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred;

i) the debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred;

j) the transfer occurred shortly before or after a substantial debt was incurred; and

k) the debtor transferred the essential assets of the business to a lienor who transferred the assets to an insider of the debtor.

**a. Assets Beyond the Reach of Creditors**

Plaintiffs satisfied the first requirement of the analysis by alleging that HFGC's assets are now beyond their reach. (Doc. No. 1). Therefore, the Court now focuses its discussion on the "badges of fraud" factors.

**b. Intent to Defraud**

Here, Plaintiffs "have reason to believe" HFGC and HF Business Trust are under common ownership and control and that HFGC transferred all of its assets to HF Business Trust with the intent to hinder the payment of an obligation. The Court finds that the "badges of fraud" analysis, which is informed by the purpose of the UFTA, requires dismissal of the claim.

With respect to factor (a), the transfer appears to be to an "insider." According to N.J.S.A. § 25:2-22, if the debtor is a corporation, the term "insider" includes the following entities: a director of the debtor; an officer of the debtor; a person in control of the debtor; a partnership in which debtor is a general partner; a general partner in a partnership; and a relative of a general partner, director, or officer, or person in control of the debtor. The New Jersey Supreme Court also found that an "insider" is any entity that "stand[s] in such close relation to the debtor as to give rise to the inference that they have the ability to influence or control the

6

debtor's actions." *Gilchinsky*, 159 N.J. at 478. Since HF Business Trust and HFGC are under common ownership and control, additional discovery could show that HF Business Trust satisfies the definition of "insider."

With respect to factor (b), while Plaintiffs alleged that HF Business Trust is an affiliate of HFGC under common ownership and control, Plaintiffs do not clearly show that HFGC retains control over the property or how HFGC exercises that control. However, viewing the facts in the light most favorable to Plaintiffs, it appears that the debtor retained possession or control of the property transferred after the transfer.

With respect to factor (c), Plaintiffs did not allege that the transfer or obligation was concealed.

With respect to factor (d), Plaintiffs did not allege that the debtor had been threatened with suit prior to the transfer.

With respect to factor (e), Plaintiffs have "reason to believe" that HFGC transferred all of its assets to HF Business Trust.

With respect to factor (f), Plaintiffs did not allege that debtor absconded.

With respect to factor (g), Plaintiffs did not allege that the debtor removed or concealed assets.

With respect to factor (h), Plaintiffs did not show that the value of consideration received by the debtor was not reasonably equivalent to the value of the asset transferred.

With respect to factor (i), Plaintiffs do not show that debtor was insolvent. Under New Jersey law, "[a] corporation is deemed insolvent: (1) when the aggregate of its property, exclusive of any property which it may have conveyed, transferred, concealed, removed or permitted to be concealed or removed, with intent to defraud, hinder of delay its creditors, shall not at a fair valuation be sufficient in amount to pay its debts; or (2) when the corporation is

unable, by its available assets or the honest use of credit, to pay its debts as they become due." N.J.S.A. § 14A:14-1(f). Plaintiffs have not alleged sufficient facts to satisfy this definition.

With respect to factor (j), Plaintiffs do not show that the transfer occurred shortly after or before a substantial debt was incurred.

With respect to factor (k), Plaintiffs do not show that the debtor transferred assets to a lienor.

Viewing the facts in the light most favorable to Plaintiffs, the allegations appear to satisfy three of the "badges of fraud" factors. The Court must now balance all of the factors as well as any other factors relevant to the transaction. *See MSKP Oak Grove, LLC v. Venuto*, 875 F. Supp. 2d 426, 436 (D.N.J. 2012).

Plaintiffs' Complaint does not allege that Defendants knew of any pending lawsuit or action to collect assets prior to the transfer or that the transfer was done in close proximity to the burden of new debt or obligations. Moreover, Plaintiffs only allege that Defendants refused to pay the disputed deposits; Plaintiffs have not shown that Defendants failed to pay any current debts, such as debts owed to members who have reached their thirtieth year. Finally, since Plaintiffs have only alleged facts sufficient to support subsections (a), (b), and (e), this case differs in substantial respects from other cases in which courts allowed plaintiffs to bring a claim under this statute. *See MSKP Oak Grove, LLC*, 875 F. Supp. 2d at 436 (denying motion to dismiss after plaintiffs alleged (a), (e), (h), and (i)); *Gilchinsky*, 159 N.J. at 478 (reversing the dismissal of plaintiffs claim after finding "at least seven 'badges of fraud'").

Enforcing the UFTA in this case would also not advance the purposes of the statute. The UFTA is designed to "prevent the debtor from placing his or her property beyond a creditor's reach." *Gilchinsky*, 159 N.J. at 475. Underlying the UFTA is the notion that a debtor cannot deliberately cheat a creditor by removing his property from "the jaws of execution." *Id*.

"Fraudulent conveyance claims thus allow the creditor to undo the wrongful transaction so as to bring the property within the ambit of collection." *Id*.  However, the present case does not significantly raise these concerns.  Unlike in *Meiselman*, where this Court denied the motion to dismiss, Plaintiffs have not shown that Defendants are going out of business.  In fact, the business has remained open for a substantial period of time following the transfer.  Plaintiffs have not shown that HFGC is unable to pay any undisputed debts or alleged sufficient facts to show actual intent to defraud.

After balancing all relevant considerations, this Court finds that Plaintiffs' allegations are insufficient under these specific circumstances.

    ii.    <u>N.J. S.A. § 25:2-27</u>

Plaintiffs' Complaint appears to invoke N.J.S.A. § 25:2-27, which prevents fraudulent transfers as to present creditors.

Under N.J.S.A. § 25:2-31, Extinguishment of Cause of Action, "a cause of action with respect to fraudulent transfer or obligation [under N.J.S.A. § 25:2-27] is extinguished unless such action is brought [. . . ] within one year after the transfer was made or the obligation was incurred."  Because the action was brought more than one year after the relevant transfer was made or the obligation incurred, this claim is dismissed.

## CONCLUSIONS

For the above reasons, the Motion to Dismiss is denied in part and granted in part.

    *Anne E. Thompson*
    ANNE E. THOMPSON, U.S.D.J.

Dated: 1/22/14