# UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANTHONY SPIKES *et al.*, | |
| Plaintiffs, | Civil No. 3:13-cv-03669-AET-TJB |
| v. | **Return Date: May 2, 2016** |
| HAMILTON FARM GOLF CLUB LLC *et al.*, | **Oral Argument Requested** |
| Defendants. | |

---

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS CLAIMS OF HOWARD YUNG PURSUANT TO FED. R. CIV. P. 12(B)(1)**

---

    Christopher N. Tomlin
BALLARD SPAHR LLP
210 Lake Drive East, Suite 200
Cherry Hill, New Jersey 08002
T: 856-761-3400
F: 856-761-1020
tomlinc@ballardspahr.com

Of Counsel:
William J. Murphy (*pro hac vice*)
Daniel P. Moylan (*pro hac vice*)
ZUCKERMAN SPAEDER LLP
100 East Pratt Street, Suite 2440
Baltimore, Maryland 21202-1031
T: 410-332-0444
F: 410-659-0436
wmurphy@zuckerman.com
dmoylan@zuckerman.com
*Counsel for Defendants*

## **TABLE OF CONTENTS**

                                                                                                  **Page**

I.    INTRODUCTION AND BACKGROUND ........................................................................ 1

II.   STANDARD ON MOTION TO DISMISS UNDER FED. R. CIV. P. 12(B)(1) ............... 2

III.  ARGUMENT .................................................................................................................... 3

IV.  CONCLUSION ................................................................................................................. 5

## TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*CNA v. United States*,
  535 F.3d 132 (3d Cir. 2008)..................................................................................................2

*Constitution Party of Pa. v. Aichele*,
  757 F.3d 347 (3d Cir. 2014)..................................................................................................2

*County Concrete Corp. v. Town of Roxbury*,
  442 F.3d 159 (3d Cir. 2006)..................................................................................................4

*Johnson & Towers, Inc. v. Opinion Corp. Synergies Group, LLC*,
  No. 14-5528, 2015 U.S. Dist. LEXIS 81619 (D.N.J. June 23, 2015)..................................2, 3

*Kehr Packages, Inc. v. Fidelcor, Inc.*,
  926 F.2d 1406 (3d Cir. 1991)................................................................................................3

*Lujan v. Defenders of Wildlife*,
  504 U.S. 555 (1992)..............................................................................................................3

*Martinez v. U.S. Post Office*,
  875 F. Supp. 1067 (D.N.J. 1995) .........................................................................................3

*Meiselman v. Hamilton Farm Golf Club, LLC*,
  No. 11-653, 2014 U.S. Dist. LEXIS 119117 (D.N.J. Aug. 26, 2014) ............................2, 4, 5

*Mortensen v. First Federal Sav. and Loan Ass'n*,
  549 F.2d 884 (3d Cir. 1977)..................................................................................................2

*Philadelphia Fed'n of Teachers v. Ridge*,
  150 F.3d 319 (3d Cir. 1998)..................................................................................................4

*Polanco v. Omnicell, Inc.*,
  988 F. Supp. 2d 451 (D.N.J. 2013) ......................................................................................3

*Spikes v. Hamilton Farm Golf Club, LLC*,
  No. 13-3669, 2014 U.S. Dist. LEXIS 9088 (D.N.J. Jan. 24, 2014).....................................1, 2

*Texas v. United States*,
  523 U.S. 296 (1998)..............................................................................................................4

*The Joint Stock Society v. UDV N. Am., Inc.*,
  266 F.3d 164 (3d Cir. 2001)..................................................................................................3

*Whitmore v. Arkansas*,
    495 U.S. 149 (1990) ............................................................................................................3

**RULES**

Federal Rule of Civil Procedure 12(b)(1) ........................................................................................2

**CONSTITUTIONAL PROVISIONS**

U.S. Const. art. III, § 1 ....................................................................................................................3

I. **INTRODUCTION AND BACKGROUND**

As the Court knows, this case arises from plaintiffs' contention that they presently are entitled to refunds of their respective individual or family golf membership deposits following their resignation from a golf club (the "Club") owned and operated by defendant Hamilton Farm Golf Club LLC ("HFGC"). Plaintiffs assert a claim for breach of the implied covenant of good faith and fair dealing based on HFGC's adoption of the Limited Membership Program in August 2008. Plaintiffs aver that it was improper for HFGC to treat the limited plan as distinct from the original plan under which they joined because, according to plaintiffs, the limited plan confers "the same exact benefits as the original membership classes," and was designed by HFGC to "avoid its obligation to repay resigned members." Compl. ¶ 22 [D.E. 1]. In permitting this claim to proceed past the pleading stage, this Court credited plaintiffs' allegation "that Defendants created new memberships with substantially the same rights and privileges for the sole purpose of avoiding the continuing obligation to refund Plaintiffs' original deposits." *Spikes v. Hamilton Farm Golf Club, LLC*, No. 13-3669, 2014 U.S. Dist. LEXIS 9088, at \*6 (D.N.J. Jan. 24, 2014).

To be sure, HFGC continues to regard the original and limited plans as legally distinct under the law, and maintains that it acted lawfully and prudently in adopting and implementing the limited plan as a temporary measure aimed to accelerating Club growth, which inures to the benefit of current and former members alike. Nonetheless, for the purposes of this motion only, HFGC assumes without conceding that plaintiffs' theory of the case could be accepted at trial, and that the original and limited plans are legally identical. Yet even in that event, one plaintiff – Howard Yung – does not have a ripe claim. Rather, based on Mr. Yung's position on the resignation list, an insufficient number of limited members have joined the Club to give rise to a present right of Mr. Yung to a refund of his membership deposit.

Notably, this Court addressed the same issue in *Meiselman v. Hamilton Farm Golf Club, LLC*, No. 11-653, 2014 U.S. Dist. LEXIS 119117 (D.N.J. Aug. 26, 2014). Like Mr. Yung here, three members of the *Meiselman* plaintiff group did not have a present right to refund under their legal theory based on the putative sameness of the original and limited membership pans (which is the same theory that Mr. Yung and the other *Spikes* plaintiffs have pursued in this case) in light of their respective positions on the resignation list. This Court found that these three plaintiffs lacked standing and dismissed their claims without prejudice. The same result follows for Mr. Yung in this case. Accordingly, Mr. Yung's claim should be dismissed under Federal Rule of Civil Procedure 12(b)(1).

## II.   STANDARD ON MOTION TO DISMISS UNDER FED. R. CIV. P. 12(B)(1)

"A motion to dismiss for want of standing is ... properly brought pursuant to Rule 12(b)(1), because standing is a jurisdictional matter." *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 357 (3d Cir. 2014) (citing *Ballentine v. United States*, 486 F.3d 806, 810 (3d Cir. 2007)). "A ripeness challenge, like a challenge to standing, is also properly analyzed under Fed. R. Civ. P. 12(b)(1)." *Johnson & Towers, Inc. v. Opinion Corp. Synergies Group, LLC*, No. 14-5528 (NLH/KMW), 2015 U.S. Dist. LEXIS 81619, at *10-*11 (D.N.J. June 23, 2015).

Rule 12(b)(1) motions present either facial or factual challenges to subject matter jurisdiction. *CNA v. United States*, 535 F.3d 132, 140 (3d Cir. 2008). A facial attack concerns the sufficiency of the pleadings, whereas a factual attack is a dispute over the existence of certain jurisdictional facts alleged by the plaintiff. *Id.* (citing *United States ex rel. Atkinson v. Pa. Shipbuilding Co.*, 473 F.3d 506, 514 (3d Cir. 2007)). In deciding a Rule 12(b)(1) motion that attacks the complaint on its face, the court must accept the allegations in the complaint as true. *Mortensen v. First Federal Sav. and Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). On a factual challenge, however, the allegations in the complaint are not entitled to a presumption of truth.

*Polanco v. Omnicell, Inc.*, 988 F. Supp. 2d 451, 458 (D.N.J. 2013). Rather, the court may consider "conflicting written and oral evidence ... and ... may decide for itself the factual issues which determine jurisdiction." *Martinez v. U.S. Post Office*, 875 F. Supp. 1067, 1070 (D.N.J. 1995); *accord Johnson & Towers, Inc.*, 2015 U.S. Dist. LEXIS 81619, at *11 (noting that courts may consider evidence outside the pleadings "when ripeness arguments present factual challenges to subject matter jurisdiction"). The party seeking to invoke federal jurisdiction bears the burden of establishing its existence. *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991).

### III.   ARGUMENT

Article III, Section 1 of the U.S. Constitution confers upon federal courts "the juridical Power of the United States," and Article III, Section 2 provides that this power extends to certain "Cases" and "Controversies." "As a result, the existence of a case and [or] controversy is a prerequisite to all federal actions." *The Joint Stock Society v. UDV N. Am., Inc.*, 266 F.3d 164, 174 (3d Cir. 2001) (citations and internal quotations omitted, alteration in original). "The Article III case-or-controversy requirement includes ripeness and standing requirements." *Id.*

To establish standing, "a plaintiff must show that he suffered an 'injury in fact.'" *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). An injury in fact is "an actual invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not 'conjectural' or 'hypothetical.'" *Id.* "Allegations of possible future injury do not satisfy the requirements of Art. III." *Whitmore v. Arkansas*, 495 U.S. 149, 158 (1990). Rather, "[a] threatened injury must be certainly impending to constitute injury in fact." *Id.* (citations and internal quotations omitted).

The related and overlapping doctrine of ripeness is specifically "'concerned with when an action may be brought….'" *The Joint Stock Society*, 266 F.3d at 174 (quoting *Pic-A-*

*State PA Inc. v. Reno*, 76 F.3d 1294, 1298 n.1 (3d Cir. 1996)).  "The function of the ripeness doctrine is to prevent federal courts, 'through avoidance of premature adjudication, from entangling themselves in abstract disagreements.'"  *Philadelphia Fed'n of Teachers v. Ridge*, 150 F.3d 319, 323 (3d Cir. 1998) (quoting *Abbot Labs. v. Gardner*, 387 U.S. 136, 148 (1967), *overruled on other grounds*, *Califano v. Sanders*, 430 U.S. 99, 105 (1977)).  "A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all."  *Texas v. United States*, 523 U.S. 296, 300 (1998) (citations and internal quotations omitted).  The doctrine thus "serves to determine whether a party has brought an action prematurely and counsels abstention until such time as a dispute is sufficiently concrete to satisfy the constitutional and prudential requirements of the doctrine."  *County Concrete Corp. v. Town of Roxbury*, 442 F.3d 159, 164 (3d Cir. 2006) (citations and internal quotations omitted).

In *Meiselman*, 2014 U.S. Dist. LEXIS 119117, this Court applied standing and ripeness principles and dismissed the claims of three plaintiffs because "even under Plaintiffs' theory of liability, not enough new members have joined the Club for Plaintiffs Carroll, Cuttone, or Milanese to move far enough up the list to receive a refund."  *Id.* at *6.  The Court noted further that in order for any of the three plaintiffs to "become entitled to relief, under any theory of liability," HFGC would have to sell "at least 34 additional new memberships," which the Court concluded was not an event certain to occur.  *Id.* at *6-*7.  Accordingly, the Court dismissed these plaintiffs' claims without prejudice.

The same result should attain as to Mr. Yung.  Here, as in *Meiselman*, in order to have standing and a ripe claim, Mr. Yung must show that in the event plaintiffs' theory of liability is accepted at trial, a sufficient number of limited members have joined the Club to confer upon him a present right to receive a refund of his membership deposit.  However, as

explained in the accompanying declaration of Erin Walsh, based on Mr. Yung's position on the resignation list, a total of **33** limited members would have to join the Club in order to trigger his right to receive a refund in accordance with plaintiffs' theory of the case. Like the three plaintiffs in *Meiselman*, Mr. Yung cannot show that HFGC is "certain to sell this number of memberships," which renders his claim unripe. Mr. Yung's claim, therefore, should be dismissed.

### IV.  CONCLUSION

For the reasons stated above, the Court should dismiss without prejudice the breach of implied covenant claim of plaintiff Howard Yung.

Date:   April 8, 2016                               Respectfully submitted,

    */s/ Christopher N. Tomlin*
Christopher N. Tomlin
BALLARD SPAHR LLP
210 Lake Drive East, Suite 200
Cherry Hill, New Jersey 08002
T: 856-761-3400
F: 856-761-1020
tomlinc@ballardspahr.com

Of Counsel:

William J. Murphy (*pro hac vice*)
Daniel P. Moylan (*pro hac vice*)
ZUCKERMAN SPAEDER LLP
100 East Pratt Street, Suite 2440
Baltimore, Maryland 21202-1031
T: 410-332-0444
F: 410-659-0436
wmurphy@zuckerman.com
dmoylan@zuckerman.com

*Counsel for Defendants*